UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                          :
JONATHAN FLEISIG and CONDOR ALPHA ASSET   :
MANAGEMENT,                               :
                                          :        19cv8217 (DLC)
                          Plaintiffs,     :
                                          :        OPINION AND ORDER
            -v-                           :
                                          :
ED&F MAN CAPITAL MARKETS, INC. and        :
PARAGON GLOBAL MARKETS, LLC,              :
                                          :
                          Defendants.     :
                                          :
---------------------------------------- X

APPEARANCES

For plaintiffs:
Kevin P. Conway
Conway & Conway
1700 Broadway, 31st Floor
New York, NY 10019

For the defendant Paragon Global Markets, LLC:
Ivan O. Kline
Friedman & Wittenstein
599 Lexington Avenue, 12th Floor
New York, NY 10022

DENISE COTE, District Judge:

     The plaintiffs, who engage in futures trading, have brought

claims against their introducing broker and their brokerage

firm.  Defendant Paragon Global Markets, LLC ("Paragon"), who

was the introducing broker, moves to dismiss the claims brought

against it.  For the following reasons, the motion is granted.

The action continues as to the brokerage firm.

## **Background**

The following facts are drawn from the Third Amended Complaint ("TAC").  Plaintiff Jonathan Fleisig is a commodities futures trader and the sole shareholder of Condor Alpha Asset Management ("Condor").  In late August 2015, Paragon, acting as an introducing broker, connected Fleisig with defendant ED&F Man Capital Markets, Inc. ("ED&F"), where Condor opened a futures trading account (the "Condor Account").  Paragon received daily updates on the positions taken in the Condor Account and, at Fleisig's request, coordinated with ED&F to change the trading limits on the Condor Account.

The plaintiffs allege, on information and belief, that Paragon was liable for a certain amount of any deficit that the Condor Account incurred.  In early 2016, the Condor Account suffered a loss, and in March 2016, Paragon pressured Fleisig to find a third party to guarantee up to $1 million of debt he incurred to ED&F.  Fleisig obtained such a guarantee in exchange for the guarantor receiving fifty-percent of his trading profits and not less than $1 million.

In April 2017, Jared Plutzer, an employee in the ED&F risk department, sought authority from Fleisig to trade futures contracts in the Condor Account with the understanding that the two would evenly divide the profits and Plutzer would cover any

losses.  Fleisig agreed and Plutzer quickly incurred significant losses.  By the time Fleisig terminated Plutzer's trading authority in June 2017, the Condor Account had lost over $990,000.  Unbeknownst to Fleisig, Plutzer did not have authority to trade futures contracts for "public customers." For its part, Paragon never advised Fleisig that Plutzer was not authorized to trade futures contracts.

In October 2018, ED&F allowed Fleisig to trade in the Condor Account to recoup his losses.  Soon thereafter, however, ED&F changed Fleisig's authority to trade, which resulted in an account deficit of $679,138.00.

In February 2019, Fleisig contacted Plutzer and asked if ED&F would approve a trade that Fleisig believed would reduce the long-term account risk but increase the account deficit. Although Plutzer represented that ED&F would "look favorably" on that transaction, a few days later, ED&F terminated Fleisig's trading authority.  Fleisig asserts that in 2016, when Paragon pressured him to obtain a guarantor, that it also told him that the presence of a guarantor would prevent ED&F from rescinding his trading authority on the Condor Account.

Fleisig and Condor filed this action based on diversity jurisdiction on September 4, 2019.  They filed a First Amended Complaint on September 5, and a Second Amended Complaint ("SAC")

on October 24.  After Paragon moved to dismiss the SAC, the plaintiffs filed the TAC on November 29, 2019.[1]

The TAC brings four claims against Paragon for fraudulent inducement, breach of contract, breach of the duty of good faith and fair dealing, and negligent misrepresentation.  It pleads six claims against ED&F sounding in contract and tort.  Paragon renewed its motion to dismiss on December 31, 2019.  The motion was fully submitted on February 7, 2020.[2]

## Discussion

Paragon moves to dismiss the claims against it for failing to state a claim and for failing to comply with the particularity requirements of Rule 9(b), Fed. R. Civ. P.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Geffner v. Coca-Cola Co., 928 F.3d 198, 199 (2d Cir. 2019) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019).  When a party

---

[1] The plaintiffs were warned that it would be unlikely that they would be given a further opportunity to amend.

[2] ED&F filed an amended answer and a counterclaim on February 6, 2020.

moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., a court must "constru[e] the complaint liberally, accept[] all factual allegations as true, and draw[] all reasonable inferences in the plaintiff's favor." Coal. for Competitive Elec., Dynergy Inc. v. Zibelman, 906 F.3d 41, 48-49 (2d Cir. 2018) (citation omitted).

Rule 9(b) imposes a heightened pleading requirement "that in alleging fraud, a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc., 865 F.3d 71, 81 (2d Cir. 2017). "That ordinarily requires a complaint alleging fraud to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Id. (citation omitted).

I.   Fraudulent Inducement

The plaintiffs' claim for fraudulent inducement asserts that Paragon falsely represented that obtaining a guarantee would prevent ED&F from limiting or terminating their trading authority. They assert that having obtained a guarantee that

5

did not prevent that outcome, they have been damaged in an
amount believed to be in excess of $1 million.

      "To state a claim for fraud in the inducement, the party
must allege: (i) a material misrepresentation of a presently
existing or past fact; (ii) an intent to deceive; (iii)
reasonable reliance on the misrepresentation by appellants; and
(iv) resulting damages."  Johnson v. Nextel Commc'ns, Inc., 660
F.3d 131, 143 (2d Cir. 2011).  Furthermore, under New York law,
"[m]ere promissory statements as to what will be done in the
future are not actionable" as material misrepresentations,
unless they were "made with a preconceived and undisclosed
intention of not performing."  White v. Davidson, 150 A.D.3d
610, 611 (1st Dep't 2017); see also Merrill Lynch & Co. Inc. v.
Allegheny Energy, Inc., 500 F.3d 171, 184 (2d Cir. 2007) ("New
York distinguishes between a promissory statement of what will
be done in the future that gives rise only to a breach of
contract cause of action and a misrepresentation of a present
fact that gives rise to a separate cause of action for
fraudulent inducement.").[3]

---

[3] The parties have not addressed the choice of law.  Both the TAC
and the parties' memoranda, however, refer to New York law.  As
a New York federal court sitting in diversity jurisdiction, this
Court applies the choice of law rules of New York.  Int'l Bus.
Machs. Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d
Cir. 2004).  An agreement between the parties to apply New York
law, even where that agreement is implicit, is sufficient to

This fraud claim is also governed by the heightened pleading standard in Rule 9(b).  In addition to meeting the requirements of Rule 9(b) described above, plaintiffs "must state facts sufficient to give rise to a strong inference of fraudulent intent."  Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 176 (2d Cir. 2015) (citation omitted).  Lastly, a complaint must "allege that any injury or damages [were] sustained as a proximate result of [the defendant's] alleged fraudulent conduct."  Walker v. George, 949 N.Y.S.2d 106, 107 (2nd Dep't 2012); see also Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1496 (2d Cir. 1992).

Paragon contends that the fraudulent misrepresentation claim must be dismissed for several reasons.  These include the failure to plead the misrepresentation with sufficient particularity, the failure to plead scienter adequately, because it describes a promise as to future performance which cannot be actionable, because there could be no reasonable reliance, and the failure to plead that the misrepresentation proximately caused the claimed loss.

---

establish the appropriate choice of law.  Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000); see also Fed. Ins. Co. v. Am. Home Assur. Co., 639 F.3d 557, 566 (2d Cir. 2011).  Accordingly, New York law applies.

Paragon's motion is granted.  It is only necessary to reach
two of the grounds advanced by Paragon.  The TAC does not
adequately allege a misrepresentation.  It does not identify who
at Paragon made the representation, when it was made, or even
describe the representation with sufficient precision.  Indeed,
the TAC contains contradictory characterizations.  In the claim
itself, the TAC asserts that Paragon represented that a
guarantee would "prevent" ED&F from "limiting or terminating"
plaintiffs' trading authority.  The body of the TAC, however,
asserts that Paragon represented that a guarantee "would
eliminate any issues with ED&F regarding his account value."

Secondly, the TAC does not adequately plead that the
misrepresentation was made with fraudulent intent.  The TAC
offers the conclusory allegation that Paragon "knew" its
statement to be untrue but provides no facts that would support
the inference that Paragon intended to defraud the plaintiffs.
As the TAC explains, Fleisig was able to trade on his accounts
for nearly three years after he obtained the guarantee.  It was
only after a series of intervening events, including further
deficits on the Condor Account, that ED&F rescinded Fleisig's
trading authority.

In their opposition to this motion, the plaintiffs do not
address the lack of particularity with which the TAC sets forth

the fraudulent misrepresentation claim or point to specific
facts in the TAC that suggest Paragon's intent to defraud the
Plaintiffs.  Accordingly, the plaintiffs' fraudulent inducement
claim against Paragon is dismissed.

II.  Breach of Contract

The plaintiffs assert that Paragon breached its contract
with plaintiffs in two ways.  First, the TAC asserts Paragon
negligently performed duties of supervision and due care with
respect to "recommendations to induce trading activity."
Second, it asserts that Paragon breached "the duties, laws,
rules and regulations" incorporated in the contract.  Those
rules and regulations are identified only in general terms as
the Conduct Rules of the National Futures Association ("NFA")
and the rules and regulations of the Commodities Exchange Act.

"To state a claim for breach of contract under New York
law, the complaint must allege: (i) the formation of a contract
between the parties; (ii) performance by the plaintiff; (iii)
failure of defendant to perform; and (iv) damages." Nick's
Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d
Cir. 2017) (citation omitted).  Moreover, under New York law,
"[i]n order to plead a breach of contract cause of action, a
complaint must allege the provisions of the contract upon which
the claim is based." Maldonado v. Olympia Mech. Piping &

Heating Corp., 8 A.D.3d 348, 350 (2nd Dep't 2004) (citation omitted).   A breach of contract claim will be dismissed "where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated."   Sud v. Sud, 211 A.D.2d 423, 424 (1st Dep't 1995).

Paragon moves to dismiss this claim on the ground that the TAC does not set forth any specific conduct by Paragon that breached any specific terms of a contract between the parties. In opposition to this motion, the plaintiffs identify NFA Rule 2-2(a), which states that no members shall "cheat, defraud, or deceive" any customer or counterparty, and Rule 2-4, which requires members to "observe high standards of commercial honor and just and equitable principles of trade."   The plaintiffs explain that the breach of contract claim is premised on Paragon fraudulently inducing the plaintiffs to obtain a "worthless" guarantee.

The TAC does not state a claim for breach of contract, and Paragon's motion is granted.   The nebulous allegation in the TAC does not identify the provisions of a contract that Paragon breached.   Nor does the TAC connect any provision in a contract to Paragon's behavior, including its request that Fleisig obtain a guarantee.

The plaintiffs cannot cure these deficiencies in their
pleading by alluding to material in their memoranda.  Even
assuming that the two general statements of principle from the
NFA could be properly considered on this motion and also
assuming that they were incorporated into the plaintiffs'
agreement with Paragon, this reference does not provide fair
notice to Paragon of the basis for their breach of contract
claim.  At most, plaintiffs are simply rehashing their
conclusory allegations that Paragon engaged in fraud.  For the
reasons explained above, the TAC fails to plead its claim for
fraud.  The TAC does not, therefore, plausibly allege that there
was a breach of whatever agreement existed between the
plaintiffs and Paragon.

III. Implied Covenant of Good Faith and Fair Dealing

The plaintiffs assert that Paragon breached its duty of
good faith and fair dealing by "advising Plaintiffs to obtain a
third-party guarantee" in order to prevent ED&F from limiting or
terminating plaintiffs' trading authority.  The plaintiffs
complain that the guarantee, which it obtained in 2016, did not
prevent ED&F from terminating their trading authority in March
2019 in response to persistent deficits in the Condor Account.

"New York law implies [the] covenant [of good faith and
fair dealing] in all contracts."  Sec. Plans, Inc. v. CUNA Mut.

Ins. Soc., 769 F.3d 807, 817 (2d Cir. 2014).  "Pursuant to this
principle, neither party shall do anything which will have the
effect of destroying or injuring the right of the other party to
receive the fruits of the contract."  Id. (citation omitted).
For the implied covenant of good faith and fair dealing to
apply, "a party's action must directly violate an obligation
that may be presumed to have been intended by the parties."
Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 407-08 (2d
Cir.), certified question accepted, 7 N.Y.3d 837 (2006), and
certified question answered, 8 N.Y.3d 283 (2007) (citation
omitted).  The implied duty "does not[, however,] add to the
contract a substantive provision not included by the parties."
Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199 (2d Cir.
2005) (citation omitted).  Nor does it "extend so far as to
undermine a party's general right to act on its own interests in
a way that may incidentally lessen the other party's anticipated
fruits from the contract."  M/A-COM Sec. Corp. v. Galesi, 904
F.2d 134, 136 (2d Cir. 1990) (citation omitted).

     Paragon moves to dismiss the plaintiffs' claim based on the
implied duty of good faith and fair dealing, arguing that the
plaintiffs have not identified a specific contractual duty that
Paragon violated by recommending that Fleisig obtain a
guarantee.  Paragon is correct.  The TAC does not identify or

recite particular contractual duties in an agreement between the plaintiffs and Paragon that Paragon breached in violation of its duty of good faith and fair dealing.

In opposing this motion, plaintiffs do not identify any contractual provision from which this claim arises.  They argue instead that they do not need to identify a duty arising under their contract with Paragon that was implicated by this alleged breach.  They contend that a duty of fair dealing can exist "apart from contractual duties."  They argue that Paragon had a duty to act in Fleisig's best interests and that recommending that he obtain a guarantee breached that duty.  This argument does not salvage the claim.  The SAC fails to identify any contractual provision that was frustrated by Paragon's recommendation or any conduct that deprived the plaintiffs of the fruits of the contract.  This claim must therefore be dismissed.

IV.  Negligent Misrepresentation

The plaintiffs' final claim against Paragon is for negligent misrepresentation.  The TAC asserts that Paragon had a special duty as the introducing broker to provide correct information to Fleisig and violated that duty when it represented that ED&F would be prevented from limiting or terminating his trading authority if he had a guarantee.

13

> To state a claim for negligent misrepresentation under New York law, the plaintiff must allege that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 114 (2d Cir. 2012) (citation omitted).  "New York law strictly limits negligent-misrepresentation claims to situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity."  Fin. Guar. Ins. Co. v. Putnam Advisory Co., 783 F.3d 395, 406 (2d Cir. 2015) (citation omitted).  "As in the case of fraud," the plaintiff must allege misstatements that are "factual and not promissory or related to future events."  Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y., 375 F.3d 168, 187–88 (2d Cir. 2004).  Additionally, a claim for negligent misrepresentation must meet the requirements of Rule 9(b).  Utts v. Bristol-Meyers Squibb Company, 226 F. Supp. 3d 166, 188–89 (S.D.N.Y. 2016).

Paragon's motion is granted.  As described above, the representation set forth in the TAC is not pleaded with sufficient particularity to survive a motion to dismiss under Rules 12(b)(6) and 9(b).  Moreover, the representation relates

entirely to future events -- a prediction that ED&F would not limit Fleisig's trading authority if he obtained a third-party guarantee.  Predictions as to how a third party may act in the future cannot form the basis of a negligent misrepresentation claim.[4]

## Conclusion

Paragon's December 31 motion is granted.  All claims against Paragon are dismissed.

Dated:    New York, New York
          June 12, 2020

                              _____
                                        DENISE COTE
                              United States District Judge

_____

[4] Paragon also argues that the plaintiffs have failed to plead that Paragon was in a special relationship with the plaintiffs, at least with respect to the advice that underlies this claim. Because the claim fails on other grounds, the Court does not address that contention.