UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
JONATHAN FLEISIG and CONDOR ALPHA     :
ASSET MANAGEMENT,                     :
                                      :        19cv8217 (DLC)
                      Plaintiffs,     :
                                      :        ORDER
            -v-                       :
                                      :
ED&F MAN CAPITAL MARKETS, INC.,       :
                                      :
                      Defendant.      :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

In advance of a nonjury trial scheduled to commence on June 28, defendant ED&F Man Capital Markets, Inc. ("MCM") has filed an objection to the affidavit constituting the direct trial testimony of plaintiff Jonathan Fleisig, an objection to the plaintiffs' proposed findings of fact and conclusions of law, and a motion in limine that seeks to exclude four of the plaintiffs' proposed exhibits. These filings largely address certain documents not disclosed during discovery that contain the plaintiffs' damages calculations. For the following reasons, MCM's motions are largely granted.

The plaintiffs filed this action on September 4, 2019, and by November 29 had amended the complaint three times. MCM has filed counterclaims seeking contractual damages from Condor and Fleisig and enforcement of a guaranty agreement. At a

conference on June 26, 2020,[1] a schedule was set for discovery and the filing of a pretrial order. Fact discovery was to conclude by November 20, expert reports were to be served by December 18, and expert discovery was to conclude by February 26, 2021. The Pretrial Order in this non-jury case was to be filed on March 26, and on that day, the parties were to serve on each other and provide to the Court the affidavits constituting the direct testimony of their witnesses. Trial was to occur in April.

At the joint request of the parties, the date for the submission of the Pretrial Order was moved on March 19 to April 16. On that date, MCM served the plaintiffs with the affidavits constituting the direct testimony of their witnesses, but the plaintiff did not serve any affidavit for any witness. On that date, the parties also exchanged trial exhibits. Included among the plaintiffs' trial exhibits were four sets of documents (Exhibits P – U) which had not been produced in discovery. The defendants promptly moved in limine to exclude the four exhibits and to strike portions of the plaintiffs' proposed findings of fact and conclusions of law that rely upon the documents contained in the four exhibits. The disputed documents

---

[1] The conference followed resolution of a motion to dismiss in an Opinion and Order of June 12, 2020, which dismissed defendant Paragon Global Markets, LLC.

purportedly support a damages calculation by the plaintiffs. This calculation had not been provided during the discovery period, including in either the plaintiffs' initial disclosures or in any supplement to those initial disclosures.

On April 26, trial was scheduled for June 28. Pursuant to a June 14 Order, the parties were reminded to provide the Court with a copy of the affidavits and exhibits which the parties were required to exchange on April 16. In response, the plaintiffs provided to the defendants for the first time an affidavit of plaintiff Fleisig. On June 15, the defendants objected to that affidavit as untimely. The affidavit contains passages addressed to the plaintiffs' damages calculation. In defending its late submission of the Fleisig affidavit, the plaintiffs assert that the defendants did not serve their own affidavits on April 16. That statement appears to be false and may be sanctionable.

The plaintiffs had an obligation to provide the defendants with their damages calculation in their initial disclosures and to provide as well any documentary support for those calculations. If the plaintiffs wished to rely on an expert's calculation of the plaintiffs' damages, the scheduling order required them to serve any expert report by December 18, 2020.

The law regarding these disclosure obligations is well settled. "[A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). That disclosure must include "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Id. Disclosure must be made "at or within 14 days after" the initial conference "unless a different time is set by stipulation or court order," Fed. R. Civ. P. 26(a)(1)(C), and must be "supplement[ed] . . . in a timely manner if the [disclosing] party learns that in some material respect the disclosure or response is incomplete" and "the additional . . . information has not otherwise been made known to the other parties during the discovery process," Fed. R. Civ. P. 26(e).

When a party fails to comply with its discovery obligations and court orders scheduling the parties' obligations, a court may impose sanctions. Those sanctions may include precluding the introduction of evidence at trial. See Fed. R. Civ. P. 37(c) (providing that a party who fails to provide information as required by Rule 26(a) may not use that information at trial "unless the failure was substantially justified or is

4

harmless"). The Second Circuit has held that, in determining whether to preclude the introduction of evidence for failure to comply with discovery obligations, a court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.'" Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).

The plaintiffs have not provided a compelling explanation for their failure to provide at an earlier date their calculation of damages and documents supporting that calculation, and the failure has severely prejudiced the defendants. The defendants were deprived of an opportunity to test the reliability of the plaintiffs' theory and proof during the discovery period. It would cause needless expense and delay to reopen discovery and would require a further adjournment of this already-delayed trial. The defendants timely complied with their duties under the Pretrial Order and should not be further prejudiced by the plaintiffs' neglect of their duties. Accordingly, it is hereby

ORDERED that the defendants' motion in limine is granted. Exhibits P-U are excluded. Paragraph 47 of the plaintiffs'

proposed findings of fact, and paragraphs 7, 12, 17, 22, 26, 32, 57, and 58 of the plaintiffs' proposed conclusions of law, reference the excluded exhibits and are stricken.

IT IS FURTHER ORDERED that certain paragraphs in the June 14, 2021 Fleisig affidavit are stricken on the grounds that they are argumentative, relate to damages calculations that should have been disclosed during the discovery period but were not, and would prejudice the defendants if included in the trial testimony. The stricken paragraphs are 27, 48, 50-65, 67, and 69.

IT IS FURTHER ORDERED that the plaintiffs may seek by **June 21** to reinstate any of the stricken paragraphs in the Fleisig affidavit by showing, with reference to matters disclosed in discovery, that the defendants had notice of the information contained in a stricken paragraph.

SO ORDERED:

Dated: New York, New York
June 18, 2021

_____
DENISE COTE
United States District Judge